UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 14-cr-20216

v                                           Honorable Thomas L. Ludington

D-1    STEVEN J. INGERSOLL,
D-2    DEBORAH M. INGERSOLL,
D-3    GAYLE R. INGERSOLL,
D-4    ROY C. BRADLEY, SR.,
D-5    TAMMY S. BRADLEY,

        Defendants.

_____/

**ORDER DENYING MOTION TO ADJOURN AND
DENYING MOTION TO BIFURCATE**

Defendants have filed two motions: (1) on October 31, 2014, Steven Ingersoll—on behalf of all defendants[1]—filed a motion to adjourn the trial dates; and (2) on November 3, 2014, Gayle Ingersoll—on behalf of all defendants[2]—filed a motion to bifurcate the trial. Trial is currently set to begin on December 2, 2014. Both motions will be addressed below.

**I**

According to the Government's bill of particulars, in 2009, Steven Ingersoll withdrew $894,500.00 from Smart Schools, Inc.'s and Smart Schools Management's (collectively "Smart Schools") bank accounts and deposited the funds into his personal bank account. Of the $894,500.00 he withdrew, he repaid $130,780.89 to Smart Schools in 2009; he reported

---

[1] According to counsel for Steven Ingersoll, "The counsel for Deborah Ingersoll concurs in the motion. The counsel for Gayle Ingersoll takes no position on the motion. The counsel for the remaining defendants failed to respond to an e-mail requesting their views." Mot. Adj. 3.

[2] According to counsel for Gayle Ingersoll, "The counsel for the defendants Steven and Deb[or]ah Ingersoll join in the motion. Counsel for Roy Bradley and Tammy Bradley have not responded to the undersigned's request for concurrence." Mot. Bifurcate 3.

$150,000.00 on his Schedule C tax return as consulting income; and he reported $27,075.18 as an increase in loan to shareholder by Smart Schools. The remaining amount—$586,643.12—was not disclosed on Ingersoll's income tax return. The Government contends that this amount should have been disclosed and that it should have been treated as taxable income.

The Government contends that this pattern continued into 2010, and that, net of the offsetting transactions, he received $1,536,502.00 of funds from Smart Schools. The Superseding Indictment makes no suggestion about what Steven Ingersoll used the funds for. The Government does contend in Counts 6 and 7 of the Superseding Indictment that the net deposits to Steven Ingersoll's personal accounts in 2009 and 2010 were all unreported taxable income.

The Government further alleges that, to repay the income from Smart Schools, Steven Ingersoll initiated, or at least joined, a conspiracy with his wife, Deborah Ingersoll; his brother, Gayle Ingersoll; Roy Bradley; and Roy Bradley's wife, Tammy Bradley, to defraud Chemical Bank, a federally insured bank. The construction loan, which is the subject of Count 1, was secured in January of 2011 for $1.8 million. Count 1 alleges that Steven Ingersoll sought to use $934,00.00 of the bank construction loan proceeds to reduce his indebtedness to Smart Schools.

The Government also alleges that Steven Ingersoll received about $704,000.00 of the construction loan proceeds into his personal bank account after being transferred among a number of parties to the conspiracy: first Chemical Bank to Madison Arts, LLC; from Madison Arts, LLC to Roy and Tammy Bradley's construction company; then from Tammy Bradley's construction company to Gayle Ingersoll's business account; then from Gayle Ingersoll to Steven and Deborah Ingersoll's personal bank account. Superseding Indictment, ¶¶ 19-22.

**II**

On April 11, 2014, the Government filed an indictment charging all Defendants with conspiracy to commit bank fraud and charging individual Defendants with wire fraud and/or tax evasion. Indictment, ECF No. 3. About two weeks later, on April 23, 2014, the Government filed a Superseding Indictment, which included the same charges against the Defendants but also added Forfeiture Allegations pursuant to 18 U.S.C. § 982 and 28 U.S.C. § 2461. Superseding Indictment. Defendants were arraigned in May 2014.

On May 29, Magistrate Judge Patricia Morris issued a Scheduling Order governing the dates in the case. After noting that the "current maximum trial date in this case is July 2, 2014," Magistrate Judge Morris noted that "Defense counsel stated that additional time will be needed to receive and review the discovery material and discuss with the Defendants how best to proceed in this matter." Scheduling Order 6, ECF No. 34. Magistrate Judge Morris concluded that an adjournment was warranted and granted a three-month adjournment.

On August 19, 2014, Steven and Deborah Ingersoll filed a motion to adjourn the dates in the scheduling order because they needed additional time "[t]o properly prepare a defense in this matter." Mot. Continue 1, ECF No. 40. The other Defendants agreed that an adjournment was necessary. *Id*. at 3. After conducting a status conference on August 25, 2014, the Court determined that an adjournment of about three months was warranted. Order Granting Adjournment 2, ECF No. 43.

On October 31, 2014 Steven Ingersoll filed another motion to adjourn the trial date. *See* Mot. Adjourn, ECF No. 60. Steven Ingersoll requests a two-month adjournment so that a "new set of tax accountants" can review the bill of particulars furnished by the Government on

October 31, 2014. Mot. Adjourn 6. The bill of particulars addresses Counts 6 and 7 of the Superseding Indictment, which charge Steven Ingersoll with tax evasion.

On September 12, 2014, Steven Ingersoll filed a motion for a bill of particulars as to Counts 6 and 7 of the Superseding Indictment. *See* Mot. for Bill of Particulars, ECF 48. The Court granted the request on October 22, 2014, noting that "some additional factual detail is necessary so that Steven Ingersoll can prepare his defense and minimize surprise at trial." Op. & Order 10, ECF No. 59. The Court noted that the accountants who had prepared Steven Ingersoll's tax returns for the years at issue were unavailable to review the returns for the present litigation. Moreover, counsel represented at the motion hearing "that there were many transactions in 2009 and 2010 that could be the subject of the general characterizations alleged by the Government in the Superseding Indictment." *Id*. The Court therefore concluded that a bill of particulars was warranted with respect to Counts 6 and 7. *Id*.

Although the Court provided the Government 21 days to furnish the bill of particulars, the Government filed the bill of particulars on the docket nine days later. *See* Response, ECF No. 61. In the bill of particulars, the Government provides that it "intends to prove the charges in counts 6 and 7 by using the specific item method of proof." *Id*. at 2. The Government also attached records detailing transactions between Steven Ingersoll and Smart Schools Inc. or Smart Schools Management during the 2009 and 2010 tax years. The bill of particulars identifies fifty-five withdrawals from Smart Schools accounts in 2009 and fifty-five withdrawals from Smart Schools accounts in 2010. All of the $2,123,145.12 of funds were deposited to Steven Ingersoll's personal bank account. The information has been available to Steven Ingersoll for years and would have been taken into account for numerous reasons. In seeking a further delay of the trial, Steven Ingersoll does not provide any explanation or justification for why he needs

new accountants, nor does he suggest the transactions are misreported by his banks. Accordingly, the suggestion is that the only issues are whether the transactions were reportable and how the transactions are characterized for tax reporting purposes, which pose—at most— routine legal questions. The underlying events that comprise the tax evasion charges do not appear to be complex or difficult, and Steven Ingersoll will have over a month[3] to use the bill of particulars to prepare for trial. An adjournment is not warranted based on these generic assertions that additional time is needed. Of course, if Defendants provide specific information detailing how the financial records are more complex than they initially appear, an adjournment may be warranted. But, at this point, Steven Ingersoll has furnished no justification for an adjournment and his motion will be denied.

**II**

On November 3, 2014, Defendant Gayle Ingersoll filed a motion to bifurcate the trial. Specifically, Gayle Ingersoll requests that trial on Counts 1 through 5 of the Superseding Indictment (which concern all Defendants' alleged bank fraud conspiracy and wire fraud charges) be bifurcated from Counts 6 and 7 (which concern Steven Ingersoll's alleged tax evasion).

In an earlier motion, Roy Bradley, Deborah Ingersoll, and Gayle Ingersoll previously moved to sever Counts 1 through 5 of the Superseding Indictment from Counts 6 and 7, alleging that Counts 6 and 7 were "overly prejudicial." This Court rejected that argument: "Defendants have not met their burden of showing specific and compelling prejudice that would result from a joint trial." Op. & Order 15. First, the Court noted that "Defendants have not shown that the evidence related to Counts 6 and 7 would so confuse the jury that it outweighs society's interest

---

[3] The Government filed the bill of particulars on October 31, 2014, and trial is currently scheduled to being on December 2, 2014.

in speedy and efficient trials." *Id*. at 16.  Second, "Defendants have not shown that the jury will be incapable of compartmentalizing the evidence against Steven Ingersoll [on Counts 6 and 7] only." *Id*.  Thus, Defendants were not entitled to severance of Counts 6 and 7 because they "have not shown that they will be prejudiced by Counts 6 and 7 being part of the Superseding Indictment and trial." *Id*. at 17.

Now, instead of seeking severance, Gayle Ingersoll is seeking bifurcation of Counts 6 and 7 from the rest of the trial.  Gayle Ingersoll does not submit additional evidence or arguments that Counts 6 and 7 are "overly prejudicial"; instead, he contends that bifurcation may be appropriate as a "'less drastic' measure."  Mot. Bifurcate 6.  Gayle Ingersoll further explains how the bifurcation of Counts 6 and 7 could proceed at trial:

> The court would allow the parties to present their proofs as to counts 1 through 5 and the jury to return verdicts as to each defendant charged in those counts.  The trial could then be resumed as to counts 6 and 7, allowing the government and Steven Ingersoll to present any remaining additional evidence, and the jury to again deliberate and return verdicts on counts 6 and 7.

Mot. Bifurcate 6 (quoting ECF No. 51 p. 5).

Although the Federal Rules of Criminal Procedure do not address bifurcation, district courts in the Sixth Circuit have analyzed motions to bifurcate under Federal Rule of Criminal Procedure 14—which also governs severance.  *See United States v. Atchley*, 474 F.3d 840, 852-53 (6th Cir. 2007); *United States v. McGuire*, 2012 WL 668803, at \*7 (M.D. Tenn. Feb. 29, 2012); *United States v. Eubanks*, 2009 WL 3171993, at \*4 (W.D. Ky. Sept. 29, 2009); *United States v. Pego*, 2012 WL 5292922, at \*4 (E.D. Mich. Oct. 25, 2012).

As noted above, this Court has already determined that severance of Counts 6 and 7 pursuant to Rule 14 is not warranted because Defendants have not made a showing that they would suffer undue prejudice.  Having already analyzed the alleged prejudicial implications of

trying Counts 6 and 7 with the remaining counts, the reasoning in the October 22, 2014 opinion and order is equally applicable to Gayle Ingersoll's present motion to bifurcate. Defendants have not shown that they will be prejudiced by Counts 6 and 7 being part of the Superseding Indictment, and therefore bifurcation of Counts 6 and 7 at trial is not warranted. Gayle Ingersoll's motion to bifurcate will therefore be denied.

### III

Accordingly, it is **ORDERED** that Steven Ingersoll's Motion to Adjourn (ECF No. 60) is **DENIED**.

It is further **ORDERED** that Gayle Ingersoll's Motion to Bifurcate the Trial (ECF No. 62) is **DENIED.**

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: November 6, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 6, 2014.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS