UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                 Case No. 14-cr-20216

v                                       Honorable Thomas L. Ludington

STEVEN J. INGERSOLL, et al,

        Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANT DEBORAH INGERSOLL'S MOTION TO QUASH, QUASHING PLAINTIFF'S SUBPOENA OF DEFENDANT DEBORAH INGERSOLL WITH RESPECT TO STEVEN INGERSOLL, DENYING DEFENDANT GAYLE INGERSOLL'S MOTION TO QUASH, AND GRANTING CLARIFICATION AS TO SENTENCING SCHEDULE**

       The sentencing hearings in this case are scheduled to begin on October 20, 2015. On September 15, 2015, Defendant Deborah Ingersoll filed a motion to quash a subpoena served on her by Plaintiff United States requiring her to provide testimony at the sentencing hearing, asserting both marital privilege and Fifth Amendment privilege. ECF No. 221. On September 30, 2015, Defendant Gayle Ingersoll filed a motion to quash, asserting Fifth Amendment privilege. ECF No. 227. Deborah Ingersoll's motion will be granted in part and Plaintiff's subpoena of her will be quashed with respect to Steven Ingersoll. Gayle Ingersoll's motion will be denied.

**I.**

       Subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Under Rule 45(d)(3), a Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies…." Fed. R. Civ. P. 45(d)(3). Here, Deborah Ingersoll argues that the subpoena issued to her will require her to provide testimony

protected by both her marital privilege and her Fifth Amendment privilege. Gayle Ingersoll argues the subpoena issued to him requires him to disclose information protected by his Fifth Amendment Privilege.

**A.**

The marital privilege against testifying against a spouse belongs only to the testifying spouse, not to the accused spouse. *Trammel v. United States*, 445 U.S. 40, 53 (1980). Accordingly, although the accused spouse cannot prevent a spouse from testifying against him or her, the witness-spouse may elect not to testify against an accused spouse. *Id*. In other words, "[t]he adverse spousal testimony privilege protects one spouse from being compelled to testify against the other." *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993).

"The modern justification for this privilege against adverse spousal testimony is its perceived role in fostering the harmony and sanctity of the marriage relationship." *Trammel,* 445 U.S. at 44. For this reason, the privilege only exists where there is an existing marital relationship, and "may not be asserted after a marriage has been terminated." *Porter*, 986 F.2d at 1018. "The testimonial privilege looks forward with reference to the particular marriage at hand; the privilege is meant to protect against the impact of the testimony on the marriage." *United States v. Lofton*, 957 F.2d 476, 477 (7th Cir. 1992) (quoting *United States v. Byrd*, 750 F.2d 585 (7th Cir. 1984).

The United States first argues that the marital privilege should not apply in this case because Mrs. and Mr. Ingersoll may have a strained marital relationship. In support of this argument, the United States points to Mr. Ingersoll's 2011 IRS tax filing status as "married, filing separately," his potential custodial sentence, and irrelevant information regarding a prior

divorce. In essence, the United States argues that Deborah Ingersoll has the burden to show that she and Mr. Ingersoll still have a viable marriage.

Here, Steven J. Ingersoll and Deborah Ingersoll are currently married, and the government has not asserted that the marriage was fraudulent or a sham. Short of such an assertion, there is no justification for inquiring into or speculating about the ongoing viability of any marital relationship. Nor is it the burden of any person to prove that his or her ongoing marriage meets any particular standard of functionality or viability. "We do not believe that courts can or should assess the social worthiness of particular marriages or the need of particular marriages for the protection of the privilege." *United States v. Sims,* 755 F.2d 1239, 1244 n.3 (6th Cir. 1985) (internal citations and quotations omitted). The testimonial privilege applies with equal force to challenged marriages as it does to model marriages. Here, the fact that Mr. and Mrs. Ingersoll are still married is sufficient for Mrs. Ingersoll to exercise her testimonial privilege.

The case that the United States cites in support of its argument, *United States v. Porter*, does not hold otherwise. *Porter*, 986 F.2d. In *Porter*, the defendant and his wife were divorced at the time of trial. *Id*. at 1018. Furthermore, the Defendant's ex-wife did not even attempt to exercise her testimonial privilege, but voluntarily testified against her former spouse. *Id*. Deborah Ingersoll's motion to quash will therefore be granted with respect to testifying against Steven Ingersoll.

The United States next argues that spousal testimonial privilege does not apply because Deborah Ingersoll is also being called to testify against Roy Bradley. Deborah Ingersoll's spousal privilege does not extend to Roy Bradley, and she may be able to testify concerning Roy Bradley on matters that would not necessarily implicate Steven Ingersoll. The subpoena will not

be quashed with respect to Deborah Ingersoll's testimony pertaining to Roy Bradley, and the Court will determine on a question-by-question basis whether Deborah Ingersoll has reasonable cause to apprehend a real danger of providing testimony against her spouse.

**B.**

Both Deborah and Gayle Ingersoll assert that the subpoenas should be quashed because they require them to provide testimony protected by the Fifth Amendment privilege. The Fifth Amendment privilege against compulsory self-incrimination can be asserted in any proceeding. *See Kastingar v. U.S.*, 406 U.S. 441, 444-45 (1972); *Convertino v. U.S. Dept. of Justice,* 795 F.3d 587, 592 (6th Cir. 2015). The privilege protects against any disclosures which a witness reasonably believes could be used in a criminal prosecution or could lead to other evidence which might be so used. *Kastingar*, 406 U.S. at 445. It not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution, but is also a privilege not to answer questions in any other proceeding where the answers might incriminate him in future criminal proceedings. *In re Morganroth,* 718 F.2d 161, 164-65 (6th Cir. 1983).

The Court must decide whether a witness's fears of self-incrimination are justified. *Id*. "A valid assertion of the fifth amendment privilege exists where a witness has reasonable cause to apprehend a real danger of incrimination." *Id*. Importantly, the Sixth Circuit has held that "[a] blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions. The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify." *Id. "*A valid assertion of the Fifth Amendment privilege exists where a witness has reasonable cause to apprehend a real danger of incrimination." *Id*. A witness must, however, show a real danger, and not a mere imaginary,

remote or speculative possibility of prosecution. *United States v. Apfelbaum*, 445 U.S. 115, 128, (1980).

The Court will determine on a question-by-question basis whether Deborah and Gayle Ingersoll have reasonable cause to apprehend a real danger of incrimination. The Court will determine whether each question, on its face, "calls for the admission of a crime or requires that the witness supply evidence of a necessary element of a crime or furnishes a link in the chain of evidence needed to prosecute." *Morganroth,* 718 F.2d at 167. *See also Hoffman v. United States,* 341 U.S. 479, 486-87 (1951). The court will only require the witness to answer if it is "perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer(s) cannot possibly have such tendency to incriminate." *Convertino*, 795 F.3d at 592. Gayle Ingersoll's motion to quash the subpoena issued to him will therefore be denied.

## II.

The Court is aware of the need for more clarification regarding the sentencing schedule. The sentencing hearing is scheduled from October 20, 2015 to October 22, 2015, from 8:30AM to 1:00PM. Additional days will likely be necessary, and will be identified with the parties' assistance.

The hearing will proceed first with evidence related to the sentencing of Defendant Steven Ingersoll. The Court is in the process of assessing Defendant Bradley's presentence report and anticipates requesting briefing as needed, as was done with Defendant Ingersoll. The hearing will begin with a brief introductory argument by counsel, and then the Government's witnesses followed by Defendant Steven Ingersoll's witnesses. Evidence will be received during

the sentencing of Defendant Steven Ingersoll in the following order with a view toward reaching conclusions by the subject matter of the issues raised by the parties:

(1) Proofs regarding the Government's contention that Defendant Ingersoll should be assessed two additional guideline points for abusing a position of trust with Grand Traverse Academy pursuant to U.S.S.G. §3B1.3

(2) Proofs regarding the Government's contention that additional guideline points should be assessed for Defendant Ingersoll's leadership role in a criminal conspiracy pursuant to U.S.S.G. §3B1.1(a)

(3) Proofs regarding the assessment of Defendant Ingersoll's tax loss from 2009 to 2011 to establish the correct base level offense

(4) Proofs regarding Defendant Ingersoll's Financial Solvency

Issues regarding the sentencing of Defendant Roy Bradley will only be taken up after all evidence related to the sentencing of Defendant Ingersoll has been presented.

### III.

Accordingly, it is **ORDERED** that Deborah M. Ingersoll's Motion to Quash, ECF No. 221, is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiff's subpoena of Defendant Deborah M. Ingersoll is **QUASHED** with respect to testimony against Steven J. Ingersoll.

It is further **ORDERED** that Gayle R. Ingersoll's Motion to Quash Subpoena, ECF No. 227, is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: October 14, 2015

- 7 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2015.

s/Suzanne Gammon
SUZANNE GAMMON
Deputy Clerk